IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | C.R. NO. C-07-357S |
| | § | |
| NOE SALINAS | § | |

**ORDER REVOKING DEFENDANT'S BOND**

  Defendant was originally charged and indicted with a single count of possession with intent to distribute 410 kilograms of marijuana in violation of 21 U.S.C. § 841. (D.E. 1, 11). On July 5, 2007, after a detention hearing with testimony, bond conditions were set based on this single count. On August 28, 2007, defendant was indicted in a superseding indictment that in addition to the original count charged defendant with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841, 846. (D.E. 19). Based on this superseding indictment, the Government made an oral motion seeking reconsideration of defendant's bond and the matter was referred to a magistrate judge.

  The Government originally opposed the setting of a bond for defendant, based in part on Pretrial Services' recommendation that a bond be denied. Based on testimony and argument at the July 5, 2007 hearing, bond conditions were set for defendant.

  With the superseding indictment, however, the landscape has changed as it relates to a bond for defendant. The additional count charging conspiracy is based on allegations separate and apart from the original count. See 18 U.S.C. § 3142(f) ("The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing

and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person.")

Originally, defendant argued that he did not know about the marijuana in his trailer and that he was not present at the loading of the trailer. Instead, he asserted that his supervisor was responsible for loading of the trailer. (D.E. 1, at 2-3). The conspiracy count in the superseding indictment concerns allegations that defendant was involved in another stop in which marijuana was discovered in his trailer. This charge was not originally prosecuted by state authorities. In that state case, defendant raised similar issues in his defense, including that his supervisor was involved in loading the trailer and that he was not present for the loading of the trailer. As such, the conspiracy count in the superseding indictment significantly bolsters the strength of the Government's case because it establishes what a jury could conclude is a pattern of behavior and actions by defendant. See 18 U.S.C. § 3142(g)(2) ("judicial officer shall ... take into account the available information concerning ... the weight of the evidence against the person").

Accordingly, based on the new factors stemming from the superseding indictment, defendant poses a serious risk that he will flee or fail to appear. Therefore, his bond is revoked.

ORDERED this 29th day of August 2007.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE