IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
|    Plaintiff/Respondent, | § § | |
| V. | § § | CR. No. C-07-357 |
| NOE SALINAS, | § § § | |
|    Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER GIVING
NOTICE TO MOVANT OF RECHARACTERIZATION**

Noe Salinas ("Salinas") was tried before a jury and was found guilty on one count of the indictment on November 7, 2007. (D.E. 54, 56.) He was sentenced by this Court on March 26, 2008 to 87 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release. (D.E. 75, 77.) Judgment was entered on March 28, 2008. (D.E. 77.) Salinas appealed, and the Fifth Circuit issued a per curiam opinion affirming his conviction and sentence on January 27, 2009. (D.E. 100.)

The Court has recently received two letters from Salinas, which are addressed herein. The first, received January 8, 2009, alleges that some of his legal papers on appeal were given to another inmate, and that he has been attacked as a result of information other inmates learned from those papers. He also makes various complains about alleged falsehoods by his trial attorney, Lionel Aron Pena, as well as a "conflict of interest" that he alleges Pena had. He asks for a reduced sentence, particularly in light of the conflict of interest by his counsel.

1

In his second letter, received February 20, 2009, he reiterates his claims regarding Pena and the allegation that he has been attacked and subsequently placed in isolation due to the inmates reading his appeal papers. He again asks that his sentence be reduced.

Although Salinas' letters do not explicitly reference 28 U.S.C. § 2255, his letters appear to challenge his conviction and sentence on constitutional grounds, including ineffective assistance of counsel, and thus the relief he seeks should have been brought in a motion under 28 U.S.C. § 2255. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000) ("section 2255 is the primary means of collaterally attacking a federal sentence").

Because Salinas has not indicated an intent to file such a motion, however, the Court will not construe his motion as a § 2255 motion until it gives the warnings discussed by the Supreme Court in Castro v. United States, 540 U.S. 375 (2003). The Supreme Court's decision in Castro held that a district court should not recharacterize a *pro se* post-conviction motion as a first § 2255 motion, in the absence of adequate notice and warning to the defendant as to the consequences of recharacterization. 540 U.S. at 383.

Pursuant to Castro, therefore, Salinas is hereby advised that the Court intends to characterize the claims raised in his letters to the Court as his stated grounds for a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He is further advised that, if the Court characterizes his motion as a § 2255 motion, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before

he will be permitted to file a second or successive § 2255 motion before the district court, Salinas will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[1] See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

In light of the foregoing, if Salinas wishes to supplement his motion with additional grounds or to voluntarily withdraw his motion, he must do so within 45 days after entry of this Order. If Salinas wishes to supplement his letters with additional grounds or additional details, he should use the forms sent with this Order to do so. If he fails to either supplement his letters or to withdraw them, then his letters addressed to the Court and requesting a reduced sentence will be construed as a § 2255 motion asserting only the claims raised therein.

As noted, Salinas' letters also allege that some of his legal papers related to his appeal were obtained by other inmates and that he was subsequently attacked. To the extent he is

---

[1] The pertinent portion of § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

seeking to raise a claim challenging the his current conditions of confinement or a claim that his civil rights have been violated, such claims should be asserted in a civil complaint. Salinas has not filed a civil rights complaint, however, nor has he asked for the type of relief that could be afforded in such a case. Instead, he asks merely for a reduction in sentence. Moreover, he also has not paid the filing fee for such a civil rights complaint nor sought leave to proceed *in forma pauperis.* Thus, he has not provided anything to suggest he intended to file a civil rights complaint. Accordingly, the Court declines to address any of his claims unrelated to his conviction or sentence. If he wishes to file a separate civil rights complaint, he may do so.

## **CONCLUSION**

The Clerk is directed to file this Order in Salinas' criminal case, and to file his two letters to the Court under seal in his criminal case. Salinas is hereby notified that the Court intends to construe those two letters as a motion pursuant to 28 U.S.C. § 2255. Salinas has 45 days to supplement his motion with additional grounds, or to inform the Court that he wants to voluntarily withdraw his motion. If he fails to supplement his motion or withdraw it within 45 days, it will be construed as a § 2255 motion and a corresponding civil case will be opened at that time.

ORDERED this 4th day of March, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE