## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-07-357 |
| | § | |
| NOE SALINAS, | § | |
| Defendant. | § | |

## ORDER DENYING LETTER MOTIONS

Over the past year, the Court has received a number of letters purportedly from Defendant Noe Salinas' mother, some of which have also enclosed letters from Salinas himself. Some of these documents have not yet been docketed. The correspondence received and not yet docketed consists of:

(1) a letter received July 23, 2009 purportedly from Salinas' mother, which also enclosed a letter from Salinas;

(2) a letter received December 9, 2009, apparently signed by Salinas, Salinas' wife, and Salinas' mother;

(3) a letter received April 21, 2010 from Salinas' mother, which is also apparently signed by Salinas' son, Salinas' wife, Salinas' brother and his two sisters; and

(4) two distinct copies of a letter from Salinas dated June 10, 2010 and received June 16, 2010, in which he advises the Court that the Bureau of Prisons is transferring him to a new facility on July 27, 2010, and also asks for release from prison.

The Clerk is directed to file the above-described documents as sealed documents in this criminal case.

Additionally, a separate letter from Salinas, received February 5, 2010, has already been docketed. (D.E. 117.)   All of these pieces of correspondence are addressed herein.

As to the letters from Salinas' family members, the Court notes that the proper person to be seeking any type of relief from the Court is Salinas himself, not his mother or wife. The Court understands his family's concerns, but under the rules applicable in this court, motions on behalf of a criminal defendant must be filed either by the defendant himself *pro se* or on his behalf by an attorney representative who is licensed to practice law in this court. Accordingly, to the extent that either of the letters from family request relief on behalf of Salinas, they will not be considered by the Court.

To the extent that Salinas himself is asking for relief, his motion to be released, or to be released on home confinement, is DENIED.   To the extent a revised sentence of home confinement would be considered a reduction in sentence, this Court is without authority to grant a reduction in sentence except under limited circumstances, none of which have been alleged or shown here.   See 18 U.S.C. § 3582(c); United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).

Moreover, the decision of an offender's placement is ultimately a decision to be made by the Bureau of Prisons, in its discretion.   Any request for placement on extended home confinement, in particular, is not properly addressed to this Court. Indeed, in United States v. Sneed, 63 F.3d 381 (5th Cir. 1995), the Fifth Circuit declined to address the defendant's request to be allowed to serve the remainder of his sentence on home confinement.   It

2

reasoned that:

> [S]uch requests are properly directed to the Bureau of Prisons. See 18 U.S.C. § 3624(c) (1988) (providing that Bureau of Prisons has the authority to "place a prisoner in home confinement"); see also Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992) ("Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period."), cert. denied, 510 U.S. 830, 114 S. Ct. 98, 126 L. Ed.2d 65 (1993).

Sneed, 63 F.3d at 389 n.6. Thus, it is the BOP's decision as to whether or not to place Salinas on home confinement, not this Court's.

Finally, to the extent Salinas is alleging that his constitutional rights are being violated by the staff, that he is misclassified, or that he is not being adequately protected at his current place of incarceration, those are challenges to his conditions of confinement, and should be asserted in a civil rights complaint. The undersigned notes, however, that Salinas has not labeled any of these letters as a "motion," let alone a complaint, and he also has not paid the filing fee for such a civil rights complaint nor sought leave to proceed in forma pauperis. Thus, he has not provided anything to suggest he intended to file a civil rights complaint.

Even if he had shown a clear intent to file such an action,[1] moreover, complaints such as those he raises, to the extent that they are cognizable, should be brought in the district where a substantial part of the events giving rise to the claim arose (which is where he was incarcerated at the time of the alleged civil rights violations), or where any of the defendants

---

[1] Salinas' latest letter alleges that his case manager is refusing to speak with him because of a lawsuit he filed against him, so perhaps Salinas has already initiated a civil action in another court.

reside. See 28 U.S.C. § 1391(b).  His petition nowhere alleges that any of these violations occurred with the jurisdiction of the Southern District of Texas or that any of the (unnamed) defendants reside within the Southern District of Texas.   Instead, Salinas is currently incarcerated in El Paso, Texas.  Thus, to the extent he wants to file a civil rights action alleging that violations have occurred or are occurring at his current place of incarceration, any civil rights action should be filed in the El Paso Division of the Western District of Texas. Salinas'

## CONCLUSION

For the foregoing reasons, the Clerk is directed to docket the letters described herein under seal in this criminal case.  To the extent Salinas himself requests relief directly in any of them and to the extent that they can be deemed motions, they are DENIED.

It is so ORDERED this **24** day of June, 2010.

HAYDEN HEAD
CHIEF JUDGE

4