IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-07-357 |
| | § | (C.A. No. C-09-122) |
| NOE SALINAS, | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AS SECOND OR SUCCESSIVE

Pending before the Court is Movant Noe Salinas' ("Salinas") letter motion in which he asks this Court to vacate, set aside or correct his sentence and his supplement to that letter motion, which the Court construes as a successive motion pursuant to 28 U.S.C. § 2255. D.E. 130, 132.

Salinas was convicted in 2008 after a jury trial for possession with intent to distribute 410.22 kilograms of marijuana. D.E. 77. He appealed. the Fifth Circuit affirmed his conviction in 2009. D.E. 100.

Salinas filed his first § 2255 motion immediately after his direct appeal was concluded complaining that trial counsel was ineffective for operating under a conflict of interest by representing Salinas and another member of the drug smuggling operation. This Court denied relief and Salinas has again appealed. D.E. 104, 124, 126. His appeal is still pending.

Salinas then filed the current § 2255 motion (D.E. 130) in which he continues to complain of his original trial counsel's ineffectiveness due to a conflict of interest, and

1

complains that the government tampered with evidence consisting of a fuel receipt. This

Court has already addressed the conflict issue. The alleged tampering with evidence claim

has not been brought before the Court previously. Salinas provides additional facts in support

of his claim of conflict, but this is not new evidence, rather it is information that Salinas has

possessed since 2007, before his trial and the evidentiary hearing on the conflict. The fuel

receipt issue similarly is not new, but relates to Salinas' original conviction and should have

been raised in his original § 2255 motion.

The Court concludes that it is not necessary to order a government response to

Salinas' recent motion because "it plainly appears from the motion . . . and the record of prior

proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES

GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

Salinas' motion is subject to dismissal because his claim constitutes a second or successive

§ 2255 motion and he has not obtained the requisite permission from the Fifth Circuit to file

it in this Court. Absent such permission, this Court is without authority to address this claim.

## II. DISCUSSION

### A.    Motion for Reconsideration

A movant may file a post-trial motion for new trial or seeking relief from a Judgment

pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 59, 60.

The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the

extent that they are not inconsistent with any statutory provisions or these rules" according

2

to Rule 12 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2009).

Rule 59 motions must be filed within 28 days from Judgment. Salinas filed his motion well after 28 days,[1] thus the motion cannot be considered filed pursuant to Rule 59.

Rule 60(c) allows filing up to a year (or more under some circumstances) of a motion seeking relief from a judgment.[2] Grounds are limited. Rule 60(b) provides:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

---

[1]   Final Judgment in the original § 2255 motion was signed on June 24, 2010. D.E. 125. Salinas mailed his current motion, D.E. 130, on September 2, 2010, 70 days after Judgment.

[2]   "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

There are only narrow circumstances in which a federal district court may entertain a Rule 60(b) claim in a habeas proceeding. In <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 531-32, 125 S.Ct. 2641 (2005), the Court described a true 60(b) motion as one that either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition. <u>Id</u>. & n.4. Here, Salinas' grounds do not qualify for Rule 60(b) treatment; he does not complain of the habeas procedure, but instead urges grounds for substantive relief. The Court treats his motion as a successive 2255.

**B.     Second or Successive § 2255 Motions**

In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Fifth Circuit has explained that a subsequent § 2255 motion is "second or successive" when it:

4

> (1) raises a claim challenging the petitioner's conviction
> or sentence that was or could have been raised in an
> earlier petition; or
>
> (2) otherwise constitutes an abuse of the writ.

United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted). The Orozco-Ramirez court noted that if the facts underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion. Id. at 869. By contrast, where the facts supporting a claim arise after the filing of the initial § 2255 motion, such a claim may be filed in a subsequent § 2255 motion and will not be considered "second or successive." See Leal Garcia v. Quarterman, 573 F.3d 214, 221- (5th Cir. 2009).[3] The only claims Salinas raises date back to 2007, before his trial and appeal. The issues should have been raised in his original §2255 motion.

Notably, where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this

---

[3] "If AEDPA is aimed at minimizing repeated attacks on an underlying judgment and, to that end, permits 'second or successive' petitions to be heard only via § 2244, then the small subset of permissible non-successive petitions must fit within these boundaries. When we look to the jurisprudence we find that contrasting petitions typically deemed non-successive with those typically deemed successive illuminates this middle ground. Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error-when the error arises after the underlying conviction-tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive." Id. at 222 (internal citations omitted).

Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Salinas' motion does not indicate that he has sought or obtained such permission.  Until he does so, this Court does not have jurisdiction over any claims that could have been brought in his first § 2255 motion. Salinas does not address the problem of a second or successive motion, instead he titles the motion as one pursuant to the law of the case doctrine.

Salinas' letter motion (D.E. 130) is treated as a successive § 2255 motion and is DISMISSED.

## C.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Salinas has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and  argument on the very issues the court has just ruled on would be repetitious.").

6

A COA "may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).    As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Salinas' motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the claim that this Court has addressed on procedural grounds, the Court finds that Salinas cannot establish at least one of the Slack criteria. Specifically, jurists of reasons

would not find debatable this Court's ruling that Salinas' claims are barred because they are second or successive. Accordingly, Salinas is not entitled to a COA as to his claims.

**III.      CONCLUSION**

For the foregoing reasons, Salinas' motion (D.E. 130, 132) is DISMISSED. Additionally, Salinas is DENIED a Certificate of Appealability.

It is so ORDERED this __17__ day of __Jan__, 2010.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

8