IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff/Respondent, | §<br>§<br>§ | |
| V. | § | CR. No. C-07-357 |
| | § | |
| NOE SALINAS,<br>　　Defendant/Movant. | §<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER DISMISSING CLAIM
AS SECOND OR SUCCESSIVE AND DENYING
MOTION FOR SENTENCE REDUCTION**

Pending before the Court is Movant Noe Salinas' ("Salinas") letter motion in which he asks this Court to acknowledge that his prior counsel operated under a conflict of interest and to reduce his sentence. D.E. 156.

**PROCEDURAL HISTORY**

Salinas was convicted in 2008 after a jury trial for possession with intent to distribute 410.22 kilograms of marijuana. D.E. 77. He appealed. The Fifth Circuit affirmed his conviction in 2009. D.E. 100.

Salinas filed his first § 2255 motion in February 2009, immediately after his direct appeal was concluded. He complained that his trial counsel was ineffective because he operated under a conflict of interest by representing Salinas and another member of the drug smuggling operation. D.E. 104. This Court denied relief and Salinas again appealed. D.E. 124, 126. The Fifth Circuit affirmed. D.E. 150.

Salinas next filed a letter motion in September 2010, which this Court construed as

1

a second § 2255 motion. D.E. 130. Salinas continued to complain of his original trial counsel's ineffectiveness due to a conflict of interest, and complained that the government tampered with evidence consisting of a fuel receipt. This Court dismissed Salina's motion as second or successive and denied him a certificate of appealability in January 2011. D.E. 144. Salinas did not appeal.

On April 23, 2012, Salinas sent this Court a copy of a letter he sent to his trial counsel, but requested no relief from the Court. D.E. 151.

Salinas' filed another letter motion in May 2012 in which he asked this Court to reopen his appeal. D.E. 152. The Court denied the motion on the grounds that the relief he requested was not available from this Court. D.E. 153.

In June 2012, Salinas sent this Court another letter motion in which he complained of his treatment at the Bureau of Prisons and requested legal advice as to how to open his appeal. D.E. 154. The motion was referred to the federal Magistrate Judge who denied relief by order dated July 5, 2012. D.E. 155.

Salinas' current motion asks for this Court to acknowledge that Salinas' trial counsel operated under a conflict of interest and seeks a sentence reduction of one year. D.E. 156.

## DISCUSSION

**A.     Second or Successive § 2255**

Salinas' current claim regarding his prior trial counsel's conflict of interest is the same complaint that was decided by this Court's Order dated June 24, 2010. D.E. 124. This Court previously found that there was a potential conflict by prior counsel, but there was no

evidence that Salinas was harmed by the potential conflict. Id. at 20-21. The Fifth Circuit has explained that a subsequent § 2255 motion is "second or successive" when it:

> (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or
>
> (2) otherwise constitutes an abuse of the writ.

United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted). Salinas' claim of conflict of interest is barred from consideration by the prohibition of second or successive petitions unless certified by a panel of Fifth Circuit Court of Appeals. 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ."). The claim is dismissed.

**B.     Request for Sentence Reduction**

Salinas requests that this Court reduce his sentence by a year. He claims his counsel's conflict of interest caused him to serve two years additional time. He does not state any legal authority for his request and any relief pursuant to § 2255 is barred as discussed in part A, supra.

A federal court generally "may not modify a term of imprisonment once it has been imposed." Dillon v. United States, — U.S. ----, 130 S. Ct. 2683, 2687 (2010); see also Freeman v. United States, — U.S. ----, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications). Congress allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range

that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. §3582(c)(2); see also Freeman, — U.S. ----, 131 S.Ct. at 2690-91 (reciting standard for sentence modifications). Salinas does not qualify for a sentence reduction pursuant to § 3582(c)(2) or any other provision. This Court is without authority to reduce his sentence.

**C.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Salinas has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Salinas' motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the claim that this Court has addressed on procedural grounds, the Court finds that Salinas cannot establish at least one of the Slack criteria. Specifically, jurists of reasons would not find debatable this Court's ruling that Salinas' claims are barred because they are second or successive. Accordingly, Salinas is not entitled to a COA as to his claims.

## CONCLUSION

Salinas' claim (D.E. 156) that counsel operated under a conflict of interest is DISMISSED as second or successive. Salinas' motion (D.E. 156) for sentence reduction is DENIED.

It is so ORDERED this 25th day of July, 2012.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE